CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 29 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SAMUEL ROBERT LESTER,<br><br>                      *Plaintiff,*<br><br>v.<br><br>FRAMATOME, ANP, INC. ET AL.,<br>MCDERMOTT INCORPORATED, AND<br>THE BABCOCK & WILCOX COMPANY<br><br>                      *Defendants.* | CIVIL NO. 6:06cv00015<br><br><br>ORDER and OPINION<br><br><br>JUDGE NORMAN K. MOON |

       This matter is before the Court on two motions: an unopposed Motion to Substitute Party, filed by Defendants McDermott Incorporated ("McDermott") and The Babcock & Wilcox Company ("B&W") on August 8, 2006 (docket no. 5), and an unopposed Motion to Dismiss, filed by BWX Technologies, Inc. ("BWX") on August 8, 2006 (docket no. 4). For the following reasons, both motions are hereby GRANTED. Defendants McDermott Incorporated and The Babcock & Wilcox Company are hereby DROPPED from this action and BWX Technologies, Inc. is hereby ADDED as a Defendant. Plaintiff's claim against Defendant BWX Technologies, Inc., however, is hereby DISMISSED WITHOUT PREJUDICE.

### I. Background

       Plaintiff, acting pro se, filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000) against Framatome, ANP, Inc. ("Framatome"), McDermott, and B&W. (*See* Compl. para. 1-3)

From 1982 until 1992, Plaintiff was employed by the Naval Nuclear Fuels Division ("NNFD") of B&W, a company owned by McDermott. (*See* Compl. para. 5; Br. in Supp. of Mot. to Dismiss 2) While Plaintiff was employed by NNFD, he accrued benefits under an employee retirement plan of B&W ("B&W Plan") (Compl. para. 5; Br. in Supp. of Mot. to Dismiss 2) After Plaintiff was discharged from NNFD, B&W spun off NNFD and NNFD became known as BWX Technologies, Inc. ("BWX") (*See* Br. in Supp. of Mot. to Dismiss 2) According to Defendants, BWX is a successor to B&W with respect to Plaintiff's retirement benefits under the B&W Plan. (Br. in Supp. of Mot. to Dismiss 2)

About the time Plaintiff was discharged from NNFD, McDermott sold a portion of its business to an entity called B&W Fuel Co. ("B&W Fuel"), the predecessor to Framatome. (Br. in Supp. of Mot. to Dismiss 2) In so doing, an employee retirement plan of B&W Fuel was created ("B&W Fuel Plan") with a portion of the assets and liabilities from the B&W Plan. (Br. in Supp. of Mot. to Dismiss 2-3) Defendants contend, however, that the B&W Fuel Plan acquired no assets and liabilities from the B&W Plan. (Br. in Supp. of Mot. to Dismiss 3) The B&W Fuel Plan went into effect on April 9, 1992, and the assets of the B&W Fuel Plan are currently administered by B&W Fuel's successor, Framatome, under the name "Employee Retirement Plan of Framatome, ANP, Inc." ("Framatome Plan") (Br. in Supp. of Mot. to Dismiss 3)

Plaintiff, who was discharged from NNFD in February 1992, claims he worked for B&W Fuel for one hour in March 1992 (Compl. para. 6); Defendants claim Plaintiff was hired by B&W Fuel effective May 11, 1992 (Br. in Supp. of Mot. to Dismiss 3). Plaintiff was subsequently terminated by Framatome on July 17, 2003 (Br. in Supp. of Mot. to Dismiss 3; Compl. para. 16) either for excessive Internet usage, as Defendants claim (Br. in Supp. of Mot.

to Dismiss 3) or in retaliation for filing administrative ERISA claims against Framatome, as Plaintiff claims (*See* Compl. para. 13-14, 16).[1]

Plaintiff claims that under the terms of the relevant plans, the time that he worked for B&W Fuel in March 1992 made him eligible to receive continuous service benefits. (Compl. para. 12) That is, Plaintiff claims that he should be credited with service under the Framatome Plan from August 1982 (his NNFD hire date) through February 1992 (his NNFD discharge date) *and* from March 1992 (his B&W Fuel hire date, according to Plaintiff) through either May 10, 1992 (the day before his B&W Fuel hire date, according to Defendant) or July 17, 2003 (his B&W Fuel discharge date). (Br. in Supp. of Mot. to Dismiss 3-4; Compl. para. 13, 15)

## II. Motion to Substitute Party

Defendants state that although Plaintiff sued both McDermott and B&W, that B&W successor BWX is the proper defendant. (*See* Mot. to Substitute Party ¶¶ 1-2) In his Response to Defendants' Motion to Dismiss, filed August 31, 2006 (docket no. 18), Plaintiff does not disagree. (*See* Pl.'s Resp. to Defs.' Mot. to Dismiss 1) Therefore, pursuant to Federal Rule of Civil Procedure 21, Defendants McDermott Incorporated and The Babcock & Wilcox Company are hereby DROPPED from the case and Defendant BWX Technologies, Inc. is hereby ADDED to the case.

## III. Motion to Dismiss

New Defendant BWX Technologies, Inc. asserts that Plaintiff's complaint and exhibits thereto reveal that his claim for relief lies solely against Defendant Framatome, ANP, Inc. (*See* Br. in Supp. of Mot. to Dismiss 5, 6) Because Plaintiff consents to dismissal as to Defendants McDermott and B&W (now Defendant BWX), because Plaintiff agrees that he has failed to exhaust administrative remedies against these Defendants, and because there is no evidence to

---

[1] It is unclear whether Plaintiff seeks to pursue a retaliation claim against Defendants.

the contrary, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, the Motion to Dismiss by Defendant BWX Technologies, Inc. is hereby GRANTED and Plaintiff's claims against BWX Technologies, Inc. are hereby DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: Sept. 29, 2006