CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 29 2006

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SAMUEL ROBERT LESTER,<br><br>*Plaintiff,*<br><br>v.<br><br>FRAMATOME, ANP, INC.<br><br>*Defendant.* | CIVIL NO. 6:06cv00015<br><br><br><br>ORDER and OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's unopposed Motion to Dismiss for failure to name a necessary party, filed by Framatome, ANP, Inc. ("Framatome") on August 14, 2006 (docket no. 7). For the following reasons, the Court hereby GRANTS in part and DENIES in part Defendant's motion. Pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, the Court hereby ORDERS that the "Employee Retirement Plan of Framatome ANP, Inc. and Participating Subsidiary and Affiliated Companies" be ADDED as a defendant in this action.

## I. Background

Plaintiff is seeking benefits from Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000). (*See* Compl. para. 17) ("I am asking the court to require Framatome … to pay me monthly early retirement benefits ….")

As Defendant has pointed out, assuming without deciding that Plaintiff is entitled to such benefits, the liability for paying those benefits would lie not with Framatome but instead with Framatome's employee retirement plan. (Br. in Supp. of Framatome ANP's Mot. to Dismiss for Failure to Name a Necessary Party 1) That plan is known as the Employee Retirement Plan of

Framatome ANP, Inc. and Participating Subsidiary and Affiliated Companies ("Framatome Plan"). (Br. in Supp. 1)

## II. Standard of Review

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a Court to dismiss an action for failure to join a party in accordance with Rule 19. *See, e.g., RPR & Assocs. v. O'Brien/Atkins Assocs.*, 921 F. Supp. 1457, 1463 (M.D.N.C. 1995); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004) ("Rule 12(b)(7) permits a motion to dismiss when there is an absent person without whom complete relief cannot be granted ...."). On a Rule 12(b)(7) motion, the Court initially determines if the absent party should be joined as a party in accordance with the criteria set forth in Rule 19(a)(1). *See RPR*, 921 F. Supp. at 1463. Rule 19(a)(1) requires a party to be joined to an action if three criteria are met: (1) the party is subject to service of process; (2) the joinder will not deprive the court of subject matter jurisdiction; and (3) in the party's absence, complete relief cannot be accorded among those already parties. *See* Fed. R. Civ. P. 19(a)(1). If the court determines that all three criteria are met, the party will be ordered to join the action and dismissal of the action is not required. *See RPR*, 921 F. Supp. at 1463.

## III. Discussion

Here, Plaintiff apparently seeks relief under 29 U.S.C. § 1132(a)(1)(B), which allows participants or beneficiaries to bring a civil action to recover benefits due him under terms of an employee welfare benefit plan. 29 U.S.C. § 1132(a)(1)(B) (2000). As Plaintiff is seeking early retirement benefits from the Framatome Plan, that entity appears to be a necessary party. More specifically, Rule 19(a)(1) requires joinder of the Framatome Plan if (1) it is subject to service of process; (2) joinder of the Framatome Plan would not deprive the Court of subject matter jurisdiction; and (3) in the absence of the Framatome Plan from this action, Plaintiff could not be

accorded complete relief.

Defendant points out in its brief that the Framatome Plan meets all three criteria. The Framatome Plan is subject to service of process (Br. in Supp. 6), joinder of the Framatome Plan would not destroy subject matter jurisdiction (Br. in Supp. 6) ("[A]s this matter is undisputedly one involving a federal question arising under ERISA, its presence would not affect the Court's jurisdiction over this matter."), and Plaintiff here cannot be accorded complete relief if the Framatome Plan were not added (Br. in Supp. 4-5) ("[T]he relief sought by Plaintiff ... would come from the assets of the Framatome Plan, and not from Framatome itself. Thus, in the absence of the Framatome Plan, complete relief cannot be accorded.").

This Court finds, therefore, that the Framatome Plan is a necessary party under Rule 19(a)(1) and should be joined in this action. The Court hereby ORDERS that the "Employee Retirement Plan of Framatome ANP, Inc. and Participating Subsidiary and Affiliated Companies" be ADDED as a defendant in this action.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: Sept. 29, 2006