

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| SAMUEL ROBERT LESTER,<br><br>           *Plaintiff,*<br><br>v.<br><br>FRAMATOME ANP, AND<br><br>EMPLOYEE RETIREMENT PLAN OF FRAMATOME ANP, INC. AND PARTICIPATING SUBSIDIARY AND AFFILIATE COMPANIES,<br><br>           *Defendants.* | CIVIL NO. 6:06cv00015<br><br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's motions to permit discovery (docket entry no. 32) and to add defendants (docket entry no. 33). For the reasons stated below, I will deny both motions.

## BACKGROUND

Plaintiff, acting *pro se*, filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000) against Framatome ANP, Inc. ("Framatome"), McDermott Incorporated ("McDermott"), and Babcock & Wilcox ("B&W").

From 1982 until 1992, Plaintiff was employed by the Naval Nuclear Fuels Division ("NNFD") of B&W, a company owned by McDermott. While Plaintiff was employed by NNFD, he accrued benefits under an employee retirement plan of B&W (the "B&W Plan"). After Plaintiff was discharged from NNFD, B&W spun off NNFD and NNFD became known as

BWX Technologies, Inc. ("BWX"). According to Defendants, BWX is a successor to B&W with respect to Plaintiff's retirement benefits under the B&W Plan.

About the time Plaintiff was discharged from NNFD, McDermott sold a portion of its business to an entity called B&W Fuel Co. ("B&W Fuel"), the predecessor to Framatome. In so doing, an employee retirement plan of B&W Fuel was created ("B&W Fuel Plan") with a portion of the assets and liabilities from the B&W Plan. Defendants contend, however, that the B&W Fuel Plan acquired no assets and liabilities from the B&W Plan. The B&W Fuel Plan went into effect on April 9, 1992, and the assets of the B&W Fuel Plan are currently administered by B&W Fuel's successor, Framatome, under the name "Employee Retirement Plan of Framatome, ANP, Inc." ("Framatome Plan").

Plaintiff, who was discharged from NNFD in February 1992, claims he worked for B&W Fuel for one hour in March 1992; Defendants claim Plaintiff was hired by B&W Fuel effective May 11, 1992. Plaintiff was subsequently terminated by Framatome on July 17, 2003 either for excessive Internet usage, as Defendants claim, or in retaliation for filing administrative ERISA claims against Framatome, as Plaintiff claims.

Plaintiff claims that under the terms of the relevant plans, the time that he worked for B&W Fuel in March 1992 made him eligible to receive continuous service benefits. That is, Plaintiff claims that he should be credited with service under the Framatome Plan from August 1982 (his NNFD hire date) through February 1992 (his NNFD discharge date) *and* from March 1992 (his B&W Fuel hire date, according to Plaintiff) through either May 10, 1992 (the day before his B&W Fuel hire date, according to Defendant) or July 17, 2003 (his B&W Fuel discharge date).

On April 16, 2003, the Framatome Pension & Benefits Committee ("Committee") made its final denial of Plaintiff's claim for additional service credit. A little more than three years later, Plaintiff brought the instant lawsuit against Framatome, McDermott, and B&W under Section 502(a)(1)(b) of ERISA. I added the Framatome Plan as a necessary party on September 29, 2006, and also granted unopposed motions to substitute BWX for McDermott and B&W, and to then dismiss BWX from the case. As a result, the only remaining defendants are Framatome and the Framatome Plan.

## MOTION TO PERMIT DISCOVERY

In this ERISA matter, Plaintiff does not dispute that under Section 15.04 of the B&W Fuel Plan, the Pension & Benefits Committee is granted "discretionary authority to determine eligibility for benefits or to construe the terms of the [P]lan." *Quesinberry v. Life Ins. Co.*, 987 F.2d 1017, 1021 (4th Cir. 1993) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Nor does Plaintiff dispute that the Committee's decisions are therefore reviewable only for abuse of discretion. *See, e.g., Evans v. Eaton Corp. Long Term Disability Plan*, No. 06-2252, 2008 WL 73240, at *5 (4th Cir. Jan. 8, 2008) (published opinion); *Blackshear v. Reliance Standard Life Ins. Co.*, No. 06-2126, 2007 WL 4277588, at *3 (4th Cir. Dec. 7, 2007) (published opinion); *Quesinberry*, 987 F.2d at 1022 n.3. Moreover, as the Fourth Circuit has made clear, "[w]hen a district court reviews a plan administrator's decision under the abuse of discretion standard, 'an assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time.'" *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 608–609 (4th Cir. 1999) (citations omitted).

Nonetheless, Plaintiff contends that he should be excepted from this rule and allowed to seek discovery from Defendants. His first argument for such an exception is that he was not

- 3 -

given sufficient opportunity to present additional evidence to the Committee, evidence which he no longer has access to without discovery. (Pl.'s Mem. 1–2, Nov. 30, 2007.) However, "[i]f the court believes the administrator lacked adequate evidence on which to base a decision, the proper course is to remand to the trustees for a new determination, not to bring additional evidence before the district court." *Elliott*, 190 F.3d at 609 (citations and internal quotation marks omitted). Accordingly, Plaintiff's first argument provides no basis for permitting discovery.

Plaintiff's second argument is that the Court should give less deference to the Committee's decision to deny him benefits because the decision resulted from a conflict of interest that led to a serious procedural irregularity. (Pl.'s Mem. 3–4, Nov. 30, 2007.) Plaintiff fails, however, to describe the alleged irregularity, stating only that he "knows" that it existed and was connected to the Committee's decision. (*Id.* at 4.) Moreover, even if Plaintiff's allegations are true, discovery is still not permitted. Instead, the "sliding-scale standard of review" that may apply "when the plan administrator's own business interests will be affected directly by its decision on the claim for benefits" is simply a "modified abuse of discretion standard." *Blackshear*, 2007 WL 4277588, at *3, *4. Under this modified standard, "the more incentive for the administrator to benefit itself by a certain interpretation of benefit eligibility, the more objectively reasonable the administrator's decision must be and the more substantial the evidence must be to support it." *Id.* at *3 (citations and alterations in original omitted). Nevertheless, it is clear that under the modified standard, the ultimate question remains unchanged: Did the Committee abuse its discretion in denying Plaintiff benefits? *Evans*, 2008 WL 73240, at *6 n.2 (stating that a plan administrator's conflict of interest "must be weighed as a factor in determining whether there is an abuse of discretion. . . . but in no case does the court deviate from the abuse of discretion standard" (internal quotation marks omitted)). Should it

-4-

appear that the Committee based its decision on insufficient evidence, the Court can remand to the Committee for a new determination based on additional evidence. However, the rule that additional evidence is not to be brought before the district court remains unchanged under the modified standard. Accordingly, Plaintiff has offered no valid basis for granting his motion to permit discovery, and the motion must therefore be denied.

## MOTION TO ADD DEFENDANTS

Plaintiff's other motion seeks to add McDermott Incorporated and the Employee Retirement Plan of McDermott, Inc. and Participating Subsidiary and Affiliated Companies ("McDermott Plan") as Defendants. As discussed, McDermott was previously a Defendant in this case and was dropped with Plaintiff's consent after Plaintiff acknowledged that he had not exhausted his administrative remedies. (*See* Compl. 2; Pl.'s Resp. 1, Aug. 31, 2006.) He now states that he "has made a good faith attempt to initiate administrative action and resolve his complaint with McDermott . . . to no avail." (Pl.'s Mot. 2, Nov. 5, 2007.) This "good faith attempt" consists of two letters Plaintiff sent seeking to initiate administrative action. The first letter was sent to McDermott in June 2007, addressed to the attention of "Ms. P.M. Freeling, Retirement Committer [*sic*]." According to Plaintiff, this letter was "denied and returned." He then sent a letter in August 2007 to "BWXT Nuclear Operating Division, a subsidiary or affiliated company of McDermott, Incorporated to the attention of the Retirement Committee." Plaintiff has not received a response to this second letter.

"ERISA requires benefit plans covered by the Act to provide internal dispute resolution procedures for participants whose claims for benefits have been denied." *Makar v. Health Care Corp. of Mid-Atl. (Carefirst)*, 872 F.2d 80, 83 (4th Cir. 1989). "[A]n ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he

participates as a prerequisite to an ERISA action for denial of benefits." *Id.* at 82. Not only does Plaintiff fail to show that he has exhausted his remedies by mailing two letters, only one of which was sent to McDermott, but he also fails to show what the relevant internal dispute resolution procedures of the McDermott Plan are or even that he is a participant in the McDermott Plan.[1] Accordingly, his motion to add defendants must be denied.

## CONCLUSION

For the above-stated reasons, Plaintiff's motions to permit discovery (docket entry no. 32) and to add defendants (docket entry no. 33) are hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

Date: January 24, 2008.

---

[1] To the extent that Plaintiff may be attempting to obtain benefits under the B&W Plan—benefits that Defendants have acknowledged he may be entitled to—it appears that the B&W Plan is administered by BWX rather than McDermott. (*See* BWX's Br. Supp. Mot. Dismiss 6, Aug. 8, 2006.) Regardless, Plaintiff fails to show that he has exhausted his administrative remedies with either McDermott or BWX.