CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAR 1 2 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SAMUEL ROBERT LESTER,<br><br>                        *Plaintiff,*<br><br>v.<br><br>FRAMATOME ANP, AND<br><br>EMPLOYEE RETIREMENT PLAN OF FRAMATOME ANP, INC. AND PARTICIPATING SUBSIDIARY AND AFFILIATE COMPANIES,<br><br>                        *Defendants.* | CIVIL NO. 6:06cv00015<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (docket entry no. 36) and Motion for Summary Judgment (docket entry no. 41). Because Plaintiff's claims are barred by the applicable statutes of limitations, I will grant the Motion for Judgment on the Pleadings, deny as moot the Motion for Summary Judgment, and enter judgment in favor of Defendants.

## BACKGROUND

Plaintiff, acting *pro se*, filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 against Framatome ANP, Inc. ("Framatome"), McDermott Incorporated ("McDermott"), and Babcock & Wilcox (B&W).

From 1982 until 1992, Plaintiff was employed by B&W, a company owned by McDermott, where he accrued benefits under B&W's employee retirement plan ("B&W Plan"). Around the time that Plaintiff was laid-off in early 1992, McDermott sold a portion of its

business to an entity called B&W Fuel Co. (BWFC), the predecessor to Framatome. In so doing, an employee retirement plan of BWFC was created ("BWFC Plan") with a portion of the assets and liabilities from the B&W Plan. The BWFC Plan went into effect on April 9, 1992.[1]

After a brief period of unemployment, Plaintiff was hired by BWFC. Under the terms of the BWFC Plan, former B&W employees who became employees of BWFC on or before April 9, 1992 would have their years of service under the B&W Plan included in calculating their retirement benefits under the BWFC Plan. According to personnel records, Plaintiff was hired by BWFC on May 11, 1992, which would make him ineligible to have his years of service under the B&W Plan credited toward his years of service under the BWFC Plan. Plaintiff claims, however, that he worked for BWFC for several hours in March 1992 at the request of a supervisor in exchange for "comp time" later that year. Thus, Plaintiff contends that he became an employee of BWFC in March 1992, and is therefore entitled to receive continuous service benefits under the BWFC Plan. That is, Plaintiff claims that he should be credited under the BWFC Plan with service beginning not in March or May of 1992 (his BWFC hire date), but rather in August 1982 (his B&W hire date). According to the Complaint, this extra ten years of service would entitle Plaintiff to a retirement benefit of $1814.53 per month beginning immediately instead of only $305.32 per month beginning at age 65.

On April 16, 2003, the Framatome Pension & Benefits Committee ("Committee") issued its final denial of Plaintiff's claim for additional service credit. Plaintiff was subsequently terminated by Framatome on July 17, 2003 for either excessive Internet usage, as Defendants claim, or in retaliation for seeking review of his benefits eligibility, as Plaintiff claims.

---

[1] The assets of the BWFC Plan are currently administered by BWFC's successor, Framatome, under the name "Employee Retirement Plan of Framatome, ANP, Inc." ("Framatome Plan"). I added the Framatome Plan as a necessary party on September 29, 2006. In all respects relevant to the pending action, the BWFC Plan and the Framatome Plan are identical, and this opinion will use the terms interchangeably.

On April 27, 2006, Plaintiff brought the instant lawsuit, in which the only remaining defendants are Framatome and the Framatome Plan. Plaintiff seeks to recover benefits under the Framatome Plan pursuant to section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff's Complaint can also be construed as alleging that he was discharged by Framatome in retaliation for seeking administrative review of his eligibility for benefits, in violation of section 510 of ERISA, 29 U.S.C. § 1140.

## STANDARD OF REVIEW

A motion for judgment on the pleadings, pursuant to Rule 12(c), that invokes the defense of failure to state a claim on which relief can be granted, is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). A statute of limitations defense is appropriately raised under a defense of failure to state a claim on which relief can be granted. *See Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984).

## DISCUSSION

Defendants assert in their Motion for Judgment on the Pleadings that Plaintiff's claims are barred by the applicable statutes of limitations.[2] Because ERISA does not contain an express statute of limitations applicable to claims for benefits, courts are required to look to the most analogous statute of limitations under applicable state law. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985); *White v. Sun Life Assurance Co. of Can.*, 488 F.3d 240, 245 (4th Cir. 2007). For a benefits claim under section 502(a)(1)(B), the most analogous statute of limitations is that

---

[2] Plaintiff's response to the motion appears effectively to concede that his claims are time-barred. (*See* Pl.'s Resp. 1, Jan. 28, 2008.)

which applies to a breach of contract action. *Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 73 n.1 (4th Cir. 1989).

Defendants argue that because the BWFC Plan provides that "Delaware law will determine all questions arising with respect to the provisions of this agreement," the Delaware statutes of limitations for breach of contract control. (*See* Defs.' Mot. J. Pleadings, Ex. B at § 16.07.) The "applicable state law" for determining statute of limitations issues, however, is the law of the forum state. *See Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); *Woody v. Walters*, 54 F. Supp. 2d 574, 578–79 (W.D.N.C. 1999); *see also* 19 Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction and Related Matters* § 4519 (2d ed. 1996). Thus, Virginia law controls the limitations issue.

Ultimately, however, this distinction makes no difference. Under Virginia Code § 8.01-246(2), a five-year statute of limitations applies to actions under a written contract, but "§ 8.01-247 limits actions on contracts governed by the law of another state to the limitations period of that state if its time limit is more restrictive than Virginia's." *Hansen v. Stanley Martin Cos.*, 585 S.E.2d 567, 571 (Va. 2003). "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances," *Colgan Air*, 507 F.3d at 275 (citation omitted), and Plaintiff does not dispute that, due to the choice-of-law clause in the BWFC Plan, Delaware law "governs" the BWFC Plan. Accordingly, under the circumstances presented, Virginia law would look to Delaware law to determine the statute of limitations. *See Fiberlink Commc'ns Corp. v. Magarity*, 24 Fed. Appx. 178, 181–82 (4th Cir. 2001) (unpublished). After a thorough review of Delaware law, the Third Circuit in *Syed v. Hercules Inc.*, 214 F.3d 155 (3d Cir. 2000), determined that the Delaware statute of limitations applicable to ERISA benefits claims is Delaware Code title 10, § 8111, which establishes a one-year

limitation. *Syed*, 214 F.3d at 161. Therefore, because Delaware law governs the BWFC Plan, and Delaware's statute of limitations is more restrictive than Virginia's five-year limitation, Virginia Code § 8.01-247 mandates the application of Delaware's one-year limitation.

A cause of action for benefits under ERISA accrues when "'a claim of benefits has been made and formally denied.' . . . This means that the statute of limitations begins to run at the moment when the plaintiff may seek judicial review, because ERISA plaintiffs must generally exhaust administrative remedies before seeking judicial relief."[3] *White*, 488 F.3d at 246. The Committee issued its final denial of Plaintiff's claim, which also notified him of his right to seek judicial review, on April 16, 2003. Therefore Plaintiff's claim accrued on that date. Because Plaintiff filed the instant lawsuit on April 27, 2006, more than three years after his claim for benefits accrued, the claim is barred by the one-year statute of limitations.

As with claims for benefits, claims of retaliatory termination under section 510 of ERISA, 29 U.S.C. § 1140, are governed by "the limitations period of the most analogous state cause of action." *Baradell v. Bd. of Soc. Servs. Pittsylvania County*, 970 F. Supp. 489, 493 (W.D. Va. 1997). In Virginia, this is the two-year statute of limitations for "wrongful termination" found in Virginia Code § 8.01-248. *Baradell*, 970 F. Supp. at 493–94 (citing *Sutter v. First Union Nat. Bank of Va., Inc.*, 932 F. Supp. 753, 756–57 (E.D. Va. 1996); *Purcell v. Tidewater Constr. Corp.*, 458 S.E.2d 291 (Va. 1995); *Adkins v. E.I. DuPont De Nemours & Co.*, 1995 WL 704779 (D. Del. 1995)).

A cause of action under section 510 accrues on the date of termination. *See Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990); *Baradell*, 970 F. Supp. at 494;

---

[3] Defendants mistakenly argue that the issue of accrual is governed by Delaware law, which bases accrual on the date of the contract breach. Although "courts . . . borrow the state law limitations period applicable to claims most closely corresponding to the federal cause of action, [they] treat the time at which the statute begins to run as governed by a uniform federal rule rather than the laws of the states." *White*, 488 F.3d at 245 (citations omitted).

*Sutter*, 932 F. Supp. at 757 n.4. Plaintiff alleges that he was terminated on July 17, 2003. Because he filed his Complaint on April 27, 2006—almost three years later—his claim of retaliatory discharge under section 510 is barred by the two-year statute of limitations.

## CONCLUSION

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (docket entry no. 36) and Motion for Summary Judgment (docket entry no. 41). Because Plaintiff's claims are barred by the applicable statutes of limitations, I will grant Defendants' Motion for Judgment on the Pleadings (docket entry no. 36) and enter judgment in their favor in an Order to follow. Accordingly, I need not consider Defendants' Motion for Summary Judgment (docket entry no. 41) and will deny it as moot.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 12th day of March, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE